IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GUSTO PACKING CO., INC., )
)
    Plaintiff, )
)
v. ) No. 09 C 2538
)
THOMAS WESTMACOTT, etc., et al., )
)
    Defendant. )

## MEMORANDUM ORDER

  Gusto Packing Co., Inc. ("Gusto") has just filed a Complaint against Thomas Westmacott d/b/a Southern Generator ("Westmacott"), Cliff Walker ("Walker") d/b/a Baker Street Resources LLC and Arizona Diesel & Power, L.L.C. ("Arizona Diesel"), seeking to invoke federal jurisdiction on diversity of citizenship grounds. Because the Complaint is flawed in that respect, this Court dismisses it--and this action--sua sponte.

  On that score Complaint ¶¶4 and 5 pose no problem, with the former identifying Gusto's dual citizenship as prescribed by 28 U.S.C. §1332(c)(1) and the latter specifying Westmacott's state of citizenship. But both Complaint ¶¶6 and 7 are more than problematic:

    1. Complaint ¶6 identifies Walker's individual state of citizenship--but just what is meant by "d/b/a Baker Street Resources LLC"? If the business operation is indeed conducted by a limited liability company, what is said in the following paragraph as to the inadequacy of the

jurisdictional identification applies with equal force to that allegation.

2. Complaint ¶7 asserts facts that are total irrelevancies as to the citizenship of Arizona Diesel for diversity purposes. It ignores more than 10 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)).

Until quite recently this Court was content simply to identify such failures to counsel for plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But because there is really no excuse for a federal practitioner's lack of knowledge of such a firmly established principle with a full decade's repetition by our Court of Appeals, it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Gusto's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Gusto and its counsel obligated to pay a fine of $350-- equivalent to the cost of a second filing fee--to the Clerk of this District Court if an appropriate Fed. R. Civ. P. 59(e)

motion were to be filed hereafter seeking to alter this judgment of dismissal.

There are also additional reasons for following that course of action here. Both Complaint Counts I and II purport to sound in conversion, seeking the return of the $115,000 that Gusto paid for the generator that it was buying. But an exhibit attached to the Complaint and reproduced as an exhibit to this opinion reflects that Westmacott has in fact offered earlier this month to wire those funds to Gusto.[1] That scarcely signals the need for Gusto to "make a federal case out of it." And matters are not helped by Gusto's unsustainable claim for treble punitive damages (Complaint ¶18) or its equally unsustainable prayer for attorney's fees, which its counsel should know are not awardable in litigation of this nature.

In any event, the ultimate resolution of the parties' dispute in one way or another remains for the future. For the present, as stated earlier, both the Complaint and this action are dismissed for lack of Gusto's establishment of federal

---

[1] That interchange of emails is puzzling in one respect. Victor Ramos of Gusto asked Westmacott on April 8 whether Westmacott was going to deliver the generator or return the $115,000, while Westmacott's email (apparently sent on April 9) stated "Therefor we have decided to refund your payment and have the unit returned to us. As soon as the unit arrives we will wire the funds to your account." That exchange leaves it unclear to this reader just who has possession of the generator--or to put it differently, the emails sound like a replay from <u>Cool Hand Luke</u>--"What we have here is a failure to communicate."

3

subject matter jurisdiction--a dismissal that by definition is without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 29, 2009

Victor,
We have decided to reurn your payment as I stated, do not feel that through your constant complaining about our efforts to get the unit shipped to you that it would be beneficial for us to handle this sale.
I attempted to get the unit in top shape for its arrival so that you would be comoletely satisfied with the unit,i had the unit serviced ,cleaned, painted and load bank tested so that we would deliver a good unit and would save you money in the interrum. I had a delay in doing so but felt it was necessary for the warranty we extended to you. I further absorbed the shipping cost and lowered the price of the unit by 10,000.00 to accomadate the sale and put the unit well in range of your budget you requested.I do not feel that the accusation of this company plying games was needed .Therefor we have decided to refund your payment and have the unit returned to us . As soon as the unit arrives we will wire the funds to your account . I apologize for the outcome but i feel we did an outstanding job getting a quality unit at a well below average price for the customer.I will keep you informed as to the refund.
                    Tom


34223728-1.jpg picture by leza254
*Tom Westmacott - CEO*
*Ph: 251-368-0218*
*Fax: 251-368-0219*

602-510-3882

--- On Wed, 4/8/09, Victor Ramos <vicr@gustopack.com> wrote:

> From: Victor Ramos <vicr@gustopack.com>
> Subject: information requiered
> To: southerngeneratorsltd@yahoo.com
> Date: Wednesday, April 8, 2009, 5:49 PM

Al Young

Tom:

Our telephone conversation was breaking to much, can you answer back this e-mail saying what is the action you going to take, deliver of the generator or returning the $115,000.00 we transfer as payment of this unit.

Thanks

Victor Ramos
Gusto Packing
Ph 630-896-8608
Cell 630-740-2570

Gimpyal@aol.com

Cashman
702 286 8772
Scott Rhoden
800 937-2326

**Subject:** Re: information requiered
**From:** Tom Westmacott <southerngeneratorsltd@yahoo.com>
**Date:** Thu, 9 Apr 2009 06:07:06 -0700 (PDT)
**To:** Victor Ramos <vicr@gustopack.com>